UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

STEVEN FERGUSON,                              )
                                             )
                    Plaintiff,               )
                                             )
            v.                               )      No. 2:25-cv-00057-JRS-MG
                                             )
CASEY JACOBS-JONES,                          )
MIKAYLA E. WILLIS,                           )
MINDY L. RHOTON,                             )
                                             )
                    Defendants.              )

**Order Denying Motion for Preliminary Injunction and Temporary Restraining Order**

Plaintiff Steven Ferguson, who is incarcerated at Wabash Valley Correctional Facility, alleges in this case that he has been denied necessary treatment for a lipoma on his forehead. Mr. Ferguson has filed a motion for preliminary injunction and temporary restraining order. Dkt. 17. Specifically, he requests that the Court order Centurion IDOC medical providers to send him to a qualified physician for proper treatment of the growth on his head. *Id.* at 2. Defendants oppose the motion for three reasons: (1) the specific relief he requests from the specific entity he requests it is not available because Centurion is not a defendant in this case; (2) Defendant Casey Jacobs-Campbell, N.P., is the only defendant who would be able to order treatment for Mr. Ferguson, but she is no longer his primary care provider; and (3) the specific relief requested has already been provided to Mr. Ferguson. Dkt. 25 at 1. As the third argument is dispositive, the Court need not address the first and second arguments.

**I. Preliminary Injunction Standard**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will

1

suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

## II. Factual Background

Mr. Ferguson states that he has not been provided with a proper course of treatment or consultation with a physician qualified to assess and treat his condition. Dkt. 17 at 2. According to the Defendants, Mr. Ferguson has received both on-site treatment and has had an offsite consultation with a physician at IU Health who is qualified to assess and treat his condition. Dkt. 25 at 4.

Mr. Ferguson first brought up the lipoma during a nurse visit on June 6, 2023. Dkt. 25-1 at ¶ 9. On June 27 and August 18, NP Jacobs-Campbell informed him that the lipoma would be impossible to remove without recurrence and asked that he reach out if it grew in size. *Id*. On September 1, Mr. Ferguson informed her that it had grown, and he was experiencing pain around it. *Id*. at ¶ 10. NP Jacobs-Campbell ordered an ultrasound which was performed on September 15. *Id*. The ultrasound results suggested a simple lipoma without any suspicious features. *Id*. Mr. Ferguson continued to file health care request forms regarding the lipoma, but was informed by Mikayla Willis, RN, that NP Jacobs-Campbell saw nothing concerning about the lipoma and that it was a cosmetic issue. *Id*. at ¶ 11. On November 3, Mr. Ferguson told NP Jacobs-Campbell that the lipoma only hurt when pressure was applied to it and NP Jacobs once again explained that the lipoma was only a cosmetic issue but provided him with a steroid shot to help decrease the size. *Id*. at ¶ 12. He received these shots as needed. *Id*. Later that month, Mr. Ferguson expressed that these shots were not helping because he was still in pain and the lipoma was not getting smaller. *Id*. at ¶ 13.

On January 16, 2024, Mr. Ferguson saw NP Jacobs-Campbell one final time and stated that as the lipoma grew, it began to hurt without any pressure being applied to it. *Id*. After hearing this, NP Jacobs-Campbell referred Mr. Ferguson to a plastic surgeon for a consultation which generally takes about a year to occur after a request is made. *Id*. Dr. Ravinder Bamba at IU Health saw Mr. Ferguson for a surgery consultation on April 18, 2025. *Id*. at ¶ 14. Dr. Bamba described the lipoma as a benign tumor that did not need to be removed unless it bothers the patient. *Id*. at 6. Because the lipoma bothered Mr. Ferguson, Dr. Bamba recommended surgical removal. *Id*. However, after reviewing Dr. Bamba's recommendation, Centurion's Utilization Management department concluded that the lipoma was purely a cosmetic issue, and surgical removal was not medically necessary. *Id*. at ¶ 15. It was determined that on-site treatment would continue for Mr. Ferguson to determine the cause of his headaches, as it was unlikely that they were caused by the lipoma. *Id*.

### III. Discussion

For relief, Mr. Ferguson requests "Centurion IDOC medical providers to send plaintiff out to a qualified physician for proper treatment of the growth on plaintiff's head." Dkt. 17 at 2. It is undisputed that Mr. Ferguson has been seen by a qualified medical professional regarding the growth (lipoma) on his forehead. *See id*. at 6. The defendants contend that because Mr. Ferguson has been given the relief he sought – a consultation with an outside doctor – his motion for a preliminary injunction is moot. Although this is a cramped reading of Mr. Ferguson's request, Mr. Ferguson did not file a reply and therefore has not provided further information regarding his care or the treatment he expects since his consultation. He has not explained how the consultation he had was insufficient, how a further consultation would change his care, or described the "proper treatment" he seeks. The Court therefore cannot assess, on the documents provided, whether

additional relief is appropriate. Accordingly, Mr. Ferguson's motion for preliminary injunction and temporary restraining order, dkt. [17], is **denied without prejudice**. Mr. Ferguson may re-file his motion if he chooses to do so and provide additional information about his current treatment and condition.

### III. Conclusion

For the reasons stated above, Mr. Ferguson's motion for preliminary injunction and temporary restraining order, dkt. [17], is **denied without prejudice**. The **clerk shall include** a form motion for a preliminary injunction with Mr. Ferguson's copy of this Order. He should use that form if he chooses to renew his motion.

**IT IS SO ORDERED.**

Date:   6/22/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEVEN FERGUSON
956691
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All Electronically Registered Counsel

4